IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REBECCA REILLY,

        Plaintiff,

vs.                              Case No. 2:15-cv-00664-WJ/CG

ZZZ-1, LLC,
CAPITAL MANAGEMENT, INC.,
and Z1SP, LLC,

        Defendants.

## MOTION TO COMPEL PLAINTIFF'S INITIAL DISCLOSURES AND FOR SANCTIONS FOR FAILURE TO PROVIDE INITIAL DISCLOSURES

COMES NOW Defendants, ZZZ-1, LLC, Capital Management, Inc., and Z1SP, LLC, by and through their attorneys of record, CIVEROLO, GRALOW, HILL AND & CURTIS P.A. (Lawrence H. Hill) and moves the court for an Order compelling Plaintiff to provide Initial Disclosures as required by FED. R. CIV. P. Rule 26(a)(1). As grounds therefor, Defendants state as follows:

1.        Plaintiff was obligated to provide Initial Disclosures pursuant to Fed. R. Civ. P. 26 (a)(1) on or before October 16, 2015. *See* the Initial Scheduling Order filed on September 1, 2015, by Judge Carmen E. Garza, U.S. Magistrate Judge requiring Initial Disclosures must be made within 14-days of the meet-and-confer session. *See* FED. R. CIV. P. 26(a)(1).

2.        Plaintiff has failed or otherwise refused to provide Initial Disclosures including Damage Computations, as required by FED. R. CIV. P. 26(a)(1)(C).

3.        Plaintiff has failed of otherwise refused to provide Initial Disclosures including medical authorizations from Plaintiff's medical providers as required by D.N.M.LR-Civ. 83.2 and 83.3 of the Local Rules of Civil Procedure governing practice in the United States District Court for the District of New Mexico.

4.    That Defendants have requested these Initial Disclosures on numerous occasions and Plaintiff's attorney has made representations that such information and authorizations will be produced; however, the damage computations and the medical authorization have not been provided.  For a collection of the correspondence between the parties on the failure to produce Initial Disclosures *see* emails attached hereto as Exhibit A.

5.    That this delay in providing the Initial Disclosures has prejudiced the Defendants because the discovery cannot be commenced without knowledge of the medical treatment and damage computations, and as a result, Defendants discovery choices have been limited.

6.    That under the rule requiring Initial Disclosures, the failure to provide such disclosures may result in sanctions as follows:

a.    Exclusion of the medical records or testimony of the medical providers that are the subject matter of the damage information or authorizations.  *See* The Advisory Committee Note to the 1993 Amendment to Rule 26 and F.R.C.P. 37(b).  *See* also *Wilson v. AM General Corp.*, 167 F.3d 1114 (7th Cir. 1999);

b.    Payment of reasonable expense, FED. R. CIV. P. 37( c); and

c.    Striking of Plaintiff's claims for damages FED. R. CIV. P. 37(b)(2).

7.    The Plaintiff's failure, no matter what the reason, mandates sanctions because there is no need to show bad faith in the failure to provide Initial Disclosures.  *Quesenberry v. Volvo Group North America*, 267 F.R.D. 475, (W.D. Va. 2010).

8.    Plaintiff has offered no legally recognized justification for the failure to provide these Initial Disclosures and attorney for Plaintiff has indicated that Plaintiff has failed to provide these disclosures despite repeated requests.  *See* attachment as Exhibit A.

9.    Plaintiff objects to the granting of this motion.

WHEREFORE, Defendants, ZZZ-1, LLC, Capital Management, Inc., and Z1SP, LLC, pray for sanctions against Plaintiff for failing to provide Initial Disclosures including exclusion of witnesses, exhibits or contentions, costs for obtaining these sanctions and any other relief that the court deems just and proper in order to prevent Plaintiff from profiting in her refusal to comply with the Order on Initial Disclosures and any other relief this court deems just and proper.

Respectfully submitted,

CIVEROLO, GRALOW, HILL & CURTIS
A Professional Association

_____
Lawrence H. Hill, Esq.
*Attorneys for Defendants*
P.O. Drawer 887
Albuquerque, New Mexico 87103
(505) 842-8255 – Office
hill@civerolo.com

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on the 19th day of November, 2015, a true copy of the foregoing *Motion to Compel Plaintiff's Initial Disclosures and for Sanctions for Failure to Provide Initial Disclosures* was submitted for electronic filing with the Court and the following parties or counsel were served by electronic means through the Court's CM/ECF electronic filing and service system as follows:

David P. Lutz, Esq.
Martin, Lutz, Roggow, & Eubanks, P.C.
P.O. Drawer 1837
Las Cruces, NM 88004-1837
(575) 526-2449
dplutz@qwestoffice.net
*Attorney for Plaintiff*

Lawrence H. Hill, Esq.

## Lawrence H. Hill

| | |
|---|---|
| **From:** | Lawrence H. Hill |
| **Sent:** | Sunday, October 25, 2015 9:45 PM |
| **To:** | David Lutz |
| **Cc:** | Annie Trujillo-Blair |
| **Subject:** | RE: Reily v. Capital Managment |

Dave Lutz,

What is the status of the initial disclosures?

Larry Hill



## Lawrence H. Hill

| | |
|---|---|
| **From:** | David Lutz <dplutz@qwestoffice.net> |
| **Sent:** | Wednesday, October 28, 2015 1:47 PM |
| **To:** | Jeanne Wuest |
| **Cc:** | Lawrence H. Hill; Annie Trujillo-Blair; Jeanne Wuest |
| **Subject:** | Re: Rebecca Reilly |

Thanks.  I am sending these by Federal Express to Ms. Reilly today.  I should have them back and over to you by sometime next week.  David Lutz

**From:** Jeanne Wuest
**Sent:** Wednesday, October 28, 2015 10:21 AM
**To:** dplutz@qwestoffice.net
**Cc:** Lawrence H. Hill ; Annie Trujillo-Blair ; Jeanne Wuest
**Subject:** Rebecca Reilly

Good morning Mr. Lutz.  I have attached the following for your client's signature:

1. Worker's Authorization for Disclosure of Protected Health Information for Workers' Compensation Purposes (HIPAA Complaint):
2. Employment Records Release;
3. HIPAA Medical Authorization; and
4. Mental Health Records Release.

Thank you very much for assisting in getting Ms. Reilly's signature on these four (4) release.

Please call with questions.

Jeanne M. Wuest, Paralegal
Civerolo, Gralow, Hill & Curtis, P.A.
20 First Plaza NW, Suite 500
Albuquerque, NM 87102
(505) 842-8255
(505) 764-6056

**Lawrence H. Hill**

| | |
|---|---|
| **From:** | David Lutz <dplutz@qwestoffice.net> |
| **Sent:** | Wednesday, October 28, 2015 3:28 PM |
| **To:** | Lawrence H. Hill |
| **Cc:** | Jeanne Wuest; Annie Trujillo-Blair |
| **Subject:** | Re: Rebbeca Reilly |

Mr. Hill,

Thanks.  I contacted Worker's Compensation by FAX today and in addition requested my client to provide additional information to address the valid concerns in your October 26 e-mail.  I will get you that information ASAP.

David Lutz

**From:** Lawrence H. Hill
**Sent:** Wednesday, October 28, 2015 3:12 PM
**To:** dplutz@qwestoffice.net
**Cc:** Jeanne Wuest ; Annie Trujillo-Blair
**Subject:** FW: Rebbeca Reilly

David Lutz,

Attached is the applicable policy.  You now have what I have.

Larry Hill

1

**Lawrence H. Hill**

| | |
|---|---|
| **From:** | Lawrence H. Hill |
| **Sent:** | Tuesday, November 03, 2015 11:09 AM |
| **To:** | David Lutz |
| **Cc:** | Annie Trujillo-Blair; Jeanne Wuest |
| **Subject:** | RE: Initial Disclosures RE: Rebecca Reilly Complaint RE: Capital Management Inc. Claim Number  CL# 270000023228 |
| **Attachments:** | 09999-069[2015-11-03 09-59-45].pdf |

David Lutz,

The ER at Kennedy may be the ER treatment noted above.  My staff misinterpreted this and thought it was a hospitalization.  I will follow up.

In the meantime, can you have your client complete the damage portion of the intial disclsoures.  This is what I am referring to:

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;**

Thanks.

Larry Hill

**From:** David Lutz [mailto:dplutz@qwestoffice.net]
**Sent:** Monday, November 02, 2015 5:12 PM
**To:** Lawrence H. Hill; Jeanne Wuest
**Cc:** Annie Trujillo-Blair; Jeanne Wuest
**Subject:** Re: Initial Disclosures RE: Rebecca Reilly Complaint RE: Capital Management Inc. Claim Number CL# 270000023228

Mr. Hill,

Thanks for checking in.

1.  Prior 5 years of medical providers/Poisoning Incident.

She remembers going to Kennedy Health Care (which appears to be across the border in New Jersey based on my web search) for emergency services.  Otherwise, she went to McGlynn Chiropractic which is already on our list and Living Spectrum Refloxology (Lynn Diehl, CCR); 41 E Oakland Ave #1, Doylestown, PA 18901 for treatment related to that incident.

Her only other health care provider between 2007 and 2012 that she can remember is Dr. John Stack, her OB/GYN.  His contact information can be found at www.holyredeemer.com.

2.  Current treatment.

Becky still goes in to see Dr. Kipp at Village of Newtown Medical Center every two weeks to one month and still treats at McGlynn Chiropractic. She is soon going to consult an optoneurologist either at the University of Pennsylvania or Wills-Eye Institute regarding her continuing multiple vision problems in the near future.

3. Employment information.

Becky is an Aegis Missile System Test Engineer for Aegis Tech Rep, NAV-C. The parent organization is Naval Sea Systems Command, Department of the Navy, Department of Defense. After her injury, she had a 2-year contract for "tele work" to allow her to work from home for certain periods. That has informally been stretched out over 3 years. Her boss indicated to her last week that they either need to re-negotiate this arrangement or she will have no choice but to go on disability. She believes she will know by the end of the year where we she stands in that respect.

I hope this answers the immediate questions from your e-mail a couple of days ago. I am still working on getting more information. Federal Worker's Compensation is frustrating to deal with in terms of getting responsive information. I understand your client's concerns and I am working to address them (for my own benefit as well).

Thanks,

David Lutz

**From:** Lawrence H. Hill
**Sent:** Saturday, October 31, 2015 12:48 PM
**To:** David Lutz ; Jeanne Wuest
**Cc:** Annie Trujillo-Blair ; Jeanne Wuest
**Subject:** Initial Disclosures RE: Rebecca Reilly Complaint RE: Capital Management Inc. Claim Number CL# 270000023228

David Lutz,

I thank you for your efforts. My client is concerned with the initial disclosure delays, but I know that all of this will get done. The following are issues I have discovered:

In the recent medical records, I discovered that Mrs. Reilly had a serious trauma that required about 10 days in hospital. It was a poisoning. and appeared to be very serious. The fact that it was poisoning and came close to the date of this trauma and may be related to mentation raises concerns on my side of the river. Please ask your client to provide the names and addresses of her medical providers for five years before this incident. I will try to track this episode down and is if there is relevance to your client's current condition.

As to her employers, I know that she was in employed by the government but I know nothing about the name of the agency and the contact information. Please ask your client to provide that information. Also governments require peculiar authorization depending on the agency. Until I know who, I do not know what to provide to you as an authorization.

As to Workers' compensation, I suspect that indemnity payments were considered. If paid, then I need to track that disability. If not paid, that has implications. Also, workers' compensation keep close tabs on medical expenses and usually audit. In fact, as you know New Mexico has a special cost containment process. I need to

get those medical or have access to them.  Before such medical are paid, I know that compensation carriers do an analysis such as a report of accident, statements and sometimes a third party review.  I will need access to that as well.

Finally, there will not current medical bills.  Does this mean that such medicals were not provided or your client is no longer treating?  I need to satisfy my client on this issue.

Thank you,

Larry Hill

---

**From:** David Lutz [mailto:dplutz@qwestoffice.net]
**Sent:** Wednesday, October 28, 2015 1:47 PM
**To:** Jeanne Wuest
**Cc:** Lawrence H. Hill; Annie Trujillo-Blair; Jeanne Wuest
**Subject:** Re: Rebecca Reilly

Thanks.  I am sending these by Federal Express to Ms. Reilly today.  I should have them back and over to you by sometime next week.  David Lutz

**From:** Jeanne Wuest
**Sent:** Wednesday, October 28, 2015 10:21 AM
**To:** dplutz@qwestoffice.net
**Cc:** Lawrence H. Hill ; Annie Trujillo-Blair ; Jeanne Wuest
**Subject:** Rebecca Reilly

Good morning Mr. Lutz.  I have attached the following for your client's signature:

1. Worker's Authorization for Disclosure of Protected Health Information for Workers' Compensation Purposes (HIPAA Complaint):
2. Employment Records Release;
3. HIPAA Medical Authorization; and
4. Mental Health Records Release.

Thank you very much for assisting in getting Ms. Reilly's signature on these four (4) release.

Please call with questions.

Jeanne M. Wuest, Paralegal
Civerolo, Gralow, Hill & Curtis, P.A.
20 First Plaza NW, Suite 500
Albuquerque, NM 87102
(505) 842-8255
(505) 764-6056

## Lawrence H. Hill

| | |
|---|---|
| **From:** | David Lutz <dplutz@qwestoffice.net> |
| **Sent:** | Tuesday, November 03, 2015 11:18 AM |
| **To:** | Lawrence H. Hill |
| **Cc:** | Annie Trujillo-Blair; Jeanne Wuest |
| **Subject:** | Re: Initial Disclosures RE: Rebecca Reilly Complaint RE: Capital Management Inc. Claim Number  CL# 270000023228 |

Mr. Hill,

Yes, I believe that's correct.  I'm aware of what you're referring to and am working on it.

Thanks,

David Lutz

**From:** Lawrence H. Hill
**Sent:** Tuesday, November 03, 2015 11:09 AM
**To:** David Lutz
**Cc:** Annie Trujillo-Blair ; Jeanne Wuest
**Subject:** RE: Initial Disclosures RE: Rebecca Reilly Complaint RE: Capital Management Inc. Claim Number CL# 270000023228

David Lutz,

The ER at Kennedy may be the ER treatment noted above.  My staff misinterpreted this and thought it was a hospitalization.  I will follow up.

In the meantime, can you have your client complete the damage portion of the intial disclsoures.  This is what I am referring to:

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;**

Thanks.

Larry Hill

**From:** David Lutz [mailto:dplutz@qwestoffice.net]
**Sent:** Monday, November 02, 2015 5:12 PM
**To:** Lawrence H. Hill; Jeanne Wuest
**Cc:** Annie Trujillo-Blair; Jeanne Wuest
**Subject:** Re: Initial Disclosures RE: Rebecca Reilly Complaint RE: Capital Management Inc. Claim Number CL# 270000023228

Mr. Hill,

Thanks for checking in.

1

1. Prior 5 years of medical providers/Poisoning Incident.

She remembers going to Kennedy Health Care (which appears to be across the border in New Jersey based on my web search) for emergency services.  Otherwise, she went to McGlynn Chiropractic which is already on our list and Living Spectrum Refloxology (Lynn Diehl, CCR); 41 E Oakland Ave #1, Doylestown, PA 18901 for treatment related to that incident.

Her only other health care provider between 2007 and 2012 that she can remember is Dr. John Stack, her OB/GYN.  His contact information can be found at www.holyredeemer.com.

2. Current treatment.

Becky still goes in to see Dr. Kipp at Village of Newtown Medical Center every two weeks to one month and still treats at McGlynn Chiropractic.  She is soon going to consult an optoneurologist either at the University of Pennsylvania or Wills-Eye Institute regarding her continuing multiple vision problems in the near future.

3. Employment information.

Becky is an Aegis Missile System Test Engineer for Aegis Tech Rep, NAV-C.  The parent organization is Naval Sea Systems Command, Department of the Navy, Department of Defense.  After her injury, she had a 2-year contract for "tele work" to allow her to work from home for certain periods.  That has informally been stretched out over 3 years.  Her boss indicated to her last week that they either need to re-negotiate this arrangement or she will have no choice but to go on disability.  She believes she will know by the end of the year where we she stands in that respect.

I hope this answers the immediate questions from your e-mail a couple of days ago.  I am still working on getting more information.  Federal Worker's Compensation is frustrating to deal with in terms of getting responsive information.  I understand your client's concerns and I am working to address them (for my own benefit as well).

Thanks,

David Lutz


**From:** Lawrence H. Hill
**Sent:** Saturday, October 31, 2015 12:48 PM
**To:** David Lutz ; Jeanne Wuest
**Cc:** Annie Trujillo-Blair ; Jeanne Wuest
**Subject:** Initial Disclosures RE: Rebecca Reilly Complaint RE: Capital Management Inc. Claim Number CL# 270000023228

David Lutz,

I thank you for your efforts.  My client is concerned with the initial disclosure delays, but I know that all of this will get done.  The following are issues I have discovered:

In the recent medical records, I discovered that Mrs. Reilly had a serious trauma that required about 10 days in hospital. It was a poisoning. and appeared to be very serious. The fact that it was poisoning and came close to the date of this trauma and may be related to mentation raises concerns on my side of the river. Please ask your client to provide the names and addresses of her medical providers for five years before this incident. I will try to track this episode down and is if there is relevance to your client's current condition.

As to her employers, I know that she was in employed by the government but I know nothing about the name of the agency and the contact information. Please ask your client to provide that information. Also governments require peculiar authorization depending on the agency. Until I know who, I do not know what to provide to you as an authorization.

As to Workers' compensation, I suspect that indemnity payments were considered. If paid, then I need to track that disability. If not paid, that has implications. Also, workers' compensation keep close tabs on medical expenses and usually audit. In fact, as you know New Mexico has a special cost containment process. I need to get those medical or have access to them. Before such medical are paid, I know that compensation carriers do an analysis such as a report of accident, statements and sometimes a third party review. I will need access to that as well.

Finally, there will not current medical bills. Does this mean that such medicals were not provided or your client is no longer treating? I need to satisfy my client on this issue.

Thank you,

Larry Hill

---

**From:** David Lutz [mailto:dplutz@qwestoffice.net]
**Sent:** Wednesday, October 28, 2015 1:47 PM
**To:** Jeanne Wuest
**Cc:** Lawrence H. Hill; Annie Trujillo-Blair; Jeanne Wuest
**Subject:** Re: Rebecca Reilly

Thanks. I am sending these by Federal Express to Ms. Reilly today. I should have them back and over to you by sometime next week. David Lutz

**From:** Jeanne Wuest
**Sent:** Wednesday, October 28, 2015 10:21 AM
**To:** dplutz@qwestoffice.net
**Cc:** Lawrence H. Hill ; Annie Trujillo-Blair ; Jeanne Wuest
**Subject:** Rebecca Reilly

Good morning Mr. Lutz. I have attached the following for your client's signature:

1. Worker's Authorization for Disclosure of Protected Health Information for Workers' Compensation Purposes (HIPAA Complaint):
2. Employment Records Release;
3. HIPAA Medical Authorization; and
4. Mental Health Records Release.

Thank you very much for assisting in getting Ms. Reilly's signature on these four (4) release.

Please call with questions.

Jeanne M. Wuest, Paralegal
Civerolo, Gralow, Hill & Curtis, P.A.
20 First Plaza NW, Suite 500
Albuquerque, NM 87102
(505) 842-8255
(505) 764-6056

# Lawrence H. Hill

| | |
|---|---|
| **From:** | Lawrence H. Hill |
| **Sent:** | Saturday, November 07, 2015 6:41 AM |
| **To:** | David Lutz |
| **Cc:** | Annie Trujillo-Blair |
| **Subject:** | RE: Reily v. Capital Management |
| **Attachments:** | Doc. 7 - Initial Scheduling Order - 09-01-2010.pdf |

Dave Lutz,

My client is concerned about the delay in the plaintiff's disclosures.  We are now entering the third week since the disclosures were due and defendants do not have a computation of damages or any authorizations.  As a result, discovery is stopped.

Would you be willing to confer with the magistrate on Monday?  The magistrate needs to change discovery deadlines to accommodate your client.   I can set up a conference call.

Until I get documents, I cannot begin discovery and the system needs to know that. I have attached the Scheduling Order so your client can understand the court order that she is under.

Larry Hill

**From:** David Lutz [mailto:dplutz@qwestoffice.net]
**Sent:** Monday, October 26, 2015 9:42 AM
**To:** Lawrence H. Hill
**Subject:** Re: Reily v. Capital Managment

Mr. Hill,

Attached please find what we mailed out on Wednesday.  Knowing our mail, it will probably get there today.  As I mentioned on the phone, I need to add some more precision on the damages.  I will also get you releases for all medical providers listed along with a blank one that you can fill in as needed.  The mailing included a CD with medical records.  I can try and send that by e-mail if it doesn't get there in the near future, but that will probably take a few e-mails given the size of the files.

Thanks,

Daivd Lutz

**From:** Lawrence H. Hill
**Sent:** Sunday, October 25, 2015 9:44 PM
**To:** David Lutz
**Cc:** Annie Trujillo-Blair
**Subject:** RE: Reily v. Capital Managment

Dave Lutz,

What is the status of the initial disclosures?

Larry Hill

## Lawrence H. Hill

| | |
|---|---|
| **From:** | David Lutz <dplutz@qwestoffice.net> |
| **Sent:** | Wednesday, November 11, 2015 2:36 PM |
| **To:** | Lawrence H. Hill |
| **Cc:** | Annie Trujillo-Blair; Jeanne Wuest |
| **Subject:** | Re: Rebecca Reilly; Releases |
| **Attachments:** | DOC (955).pdf |

Mr. Hill,

I'm available on Monday until about 11:15 or so.  I've got to fly out to Denver for arguments at the 10th Circuit the next day and need to leave the office by 11:30 at the latest.  I'm fine with setting a call with Judge Garza to talk about how to proceed.  The Department of Labor has been driving me nuts on this.  I've written them 4 times and called them additional times to get the basic itemization of what has been billed and paid to no avail.  In fact, I've gotten zero response from anyone over there.  I'm not accustomed to this kind of treatment because usually insurers are bending over backwards to give that information knowing that we're out there working for them to get them re-paid.  I feel at least I've made good faith efforts in this regard on something that appears a little bit out of my control.  As far as getting better precision on the wage portion of it and anything Rebecca has paid out of pocket, I do bear some responsibility for that and am attempting to get that information ASAP.  The only thing I'd ask the Court is not to take it out on my client if I've done something wrong.  Rebecca has not returned my call about the releases, but as a Federal worker, I know she's on holiday today.  I will continue to work on that.

Thanks,

David Lutz


**From:** Lawrence H. Hill
**Sent:** Wednesday, November 11, 2015 6:51 AM
**To:** David Lutz
**Cc:** Annie Trujillo-Blair ; Jeanne Wuest
**Subject:** RE: Rebecca Reilly; Releases

Dave Lutz,

Today is a federal holiday.  I am in Las Vegas on Thursday.  Can we talk on Monday?  My concern is that the Plaintiff may not be able to comply with the initial disclosures and secondly, even if she is, the delay effectively eliminates the value of initial disclosures.  If what I say is correct, then we need to involvement of the magistrate.

I realize that you are working on this issue but the delay is now three weeks in a system where the discovery is limited in time.  Next month will be the holidays and travel will be difficult.

Larry Hil

**From:** David Lutz [mailto:dplutz@qwestoffice.net]
**Sent:** Tuesday, November 10, 2015 10:04 AM
**To:** Jeanne Wuest

**Cc:** Lawrence H. Hill; Annie Trujillo-Blair; Jeanne Wuest
**Subject:** Re: Rebecca Reilly; Releases

Hi Ms. Wuest,

I left a phone message for Ms. Reilly this morning on that subject. I hope to hear back from her today with an update and will let you know.

Thanks,

David Lutz

**From:** Jeanne Wuest
**Sent:** Tuesday, November 10, 2015 9:56 AM
**To:** dplutz@qwestoffice.net
**Cc:** Lawrence H. Hill ; Annie Trujillo-Blair ; Jeanne Wuest
**Subject:** Rebecca Reilly; Releases

Good morning Mr. Lutz. Any word on when we might expect signed releases back from Ms. Reilly? Thanks again for all of your assistance in this regard.

Jeanne

**From:** Jeanne Wuest
**Sent:** Wednesday, October 28, 2015 10:22 AM
**To:** dplutz@qwestoffice.net
**Cc:** Lawrence H. Hill; Annie Trujillo-Blair; Jeanne Wuest
**Subject:** Rebecca Reilly

Good morning Mr. Lutz. I have attached the following for your client's signature:

1. Worker's Authorization for Disclosure of Protected Health Information for Workers' Compensation Purposes (HIPAA Complaint):
2. Employment Records Release;
3. HIPAA Medical Authorization; and
4. Mental Health Records Release.

Thank you very much for assisting in getting Ms. Reilly's signature on these four (4) release.

Please call with questions.

Jeanne M. Wuest, Paralegal
Civerolo, Gralow, Hill & Curtis, P.A.
20 First Plaza NW, Suite 500
Albuquerque, NM 87102
(505) 842-8255
(505) 764-6056