IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REBECCA REILLY,

        Plaintiff,

vs.                                           Case No. 2:15-cv-00664-WJ/CG

ZZZ-1, LLC,
CAPITAL MANAGEMENT, INC.,
and Z1SP, LLC,

        Defendants.

**ORDER AWARDING COSTS FOR FAILURE TO
PROVIDE INITIAL DISCLOSURES**

**THIS MATTER** is before the Court on *Defendants' Costs Statement Incurred In Preparing and Filing Motion to Compel Plaintiff's Initial Disclosures* ("Costs Statement"), (Doc. 22), filed December 21, 2015; and *Plaintiff's Response to Defendants' Costs Statement* ("Response"), (Doc. 25), filed December 30, 2015. On December 14, 2015, the Court heard arguments on Defendants' *Motion to Compel Plaintiff's Initial Disclosures and for Sanctions for Failure to Provide Initial Disclosures* (the "Motion to Compel"). (Doc. 15). At the hearing, the Court found that Plaintiff failed to provide timely Initial Disclosures to Defendants as required under FED. R. CIV. P. 26(a)(1)(A), and that Defendants were entitled to costs incurred in filing their Motion to Compel as a result of Plaintiff's failure.

Thereafter, Defendants filed their Costs Statement, identifying the costs incurred as a result of Plaintiff's failure to timely produce Initial Disclosures. (Doc. 22). In response, Plaintiff objects to only two specific entries related to the work performed in drafting the reply brief in support of the Motion to Compel. (Doc. 25 at 1). Plaintiff

argues that, in *Defendants' Reply In Support of Defendants' Motion to Compel Initial Disclosures and for Sanctions for Failure to Provide Initial Disclosures* (the "Reply Brief"), (Doc. 18), Defendants argued for relief beyond production of the Initial Disclosures, including exclusionary sanctions. Given the circumstances of this case, including the fact that Plaintiff did not dispute that Defendants were entitled to the information sought, and agreed that Defendants should be reimbursed for costs incurred in their efforts to obtain the information, Plaintiff contends that she should not have to pay for work done to obtain relief beyond the production of the Initial Disclosures.

Under Federal Rule of Civil Procedure 37(c)(1), where a party fails to provide information pursuant to Rule 26(a), as a sanction the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . ." FED. R. CIV. P. 37(c)(1). "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). It follows that, "[a]s a general rule, the imposition of sanctions for abuse of discovery under [Rule] 37 is a matter within the discretion of the trial court." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (citing *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994)). Ultimately, "the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus*, 965 F.2d at 920 (internal citations and quotations omitted).

Here, Defendants have provided their Costs Statement describing the work performed as a result of Plaintiff's failure to timely comply with Rule 26. The amount

requested totals $3,154.50, including 6.9 hours for a total of $1,138.50 spent drafting the Reply Brief. Considering the facts of this case, the Court does not find this to be a reasonable amount given Plaintiff's actions. As Plaintiff stated in her Response, Plaintiff did not dispute that Defendants were entitled to the information sought under Rule 26 and, in her *Response to Defendants' Motion to Compel*, (Doc. 17), stated that she would not oppose any relief with respect to pretrial deadlines or an award of costs and fees under Rule 37. (Doc. 17 at 1, 3). Moreover, Plaintiff attached to her *Response to Defendants' Motion to Compel*, (Doc. 17), a portion of information requested, and represented that the remaining information was forthcoming. (*Id.* at 2). At the hearing on December 14, 2015, the parties represented that Plaintiff had provided Defendants with the information requested, except for Plaintiff's employment records, which the parties had agreed Plaintiff would pass along to Defendants as soon as she received those records from the government. (Doc. 21). Indeed, this Court found that Plaintiff failed to provide timely Initial Disclosures to Defendants as required under FED. R. CIV. P. 26(a)(1)(A), not that Plaintiff had failed to produce Initial Disclosures entirely.

Given these circumstances, the Court finds that Plaintiff's failure to timely provide the information requested, while clearly in violation of Rule 26, did not necessarily warrant several pages of argument seeking the extreme sanctions of excluding evidence and striking the damages claim. As a result, the Court finds that the fees incurred for all 6.9 hours spent drafting the eight-page Reply Brief were not caused by Plaintiff's failure to timely produce Initial Disclosures.

That being said, Defendants were certainly entitled to spend time drafting and filing the Reply Brief, and to argue for their requested relief. As a result, the Court finds

it reasonable to award fees for two hours spent in preparing and drafting the Reply Brief, rather than 6.9 hours. Therefore, the amount of reasonable expenses incurred as a result of Plaintiff's failure to timely comply with Rule 26, including two hours spent drafting the Reply Brief, is $2,346.00.

**IT IS THEREFORE ORDERED** that Plaintiff pay Defendants $2,346.00 in reasonable expenses incurred as a result of Plaintiff's failure to produce timely Initial Disclosures.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE