IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REBECCA REILLY,

      Plaintiff,

vs.                                            Civ. No. 15cv664 WJ/GJF

ZZZ-1, LLC,
CAPITAL MANAGEMENT, INC.,
and Z1SP, LLC,

      Defendants.

## ORDER

THIS MATTER is before the Court upon Defendants' "Second Motion to Compel Discovery" ("Motion"). ECF No. 45. The Motion was filed with this Court on April 19, 2016. *Id.* Based on the applicable rules, Plaintiff's response was due on May 7, 2016 (since May 7 fell on a Saturday, his actual response deadline was May 9, 2016). *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served within fourteen calendar days . . . [t]hese time periods are computed in accordance with FED. R. CIV. P. 6(a) and (d)"); FED. R. CIV. P. 6(a) and (d) (providing days that are excluded from the computation of time and allowing an additional three days to file for most forms of service). On May 6, 2016, Plaintiff timely filed her Response. *See* ECF No. 47.

On May 12, 2016, this Court held a hearing on Defendants' Motion. Having reviewed the record, considered the arguments of counsel, and examined relevant law, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' Motion.

    **THE COURT ORDERS THE FOLLOWING:**

    (1) The Court **GRANTS** Defendants' Motion for production of Plaintiff's employment records. No later than two weeks before the deposition date of Plaintiff's supervisor,

1

Plaintiff shall produce pay records for plaintiff, as well as any records that document her attendance, absence, and leave. Although the Court will forego the imposition of sanctions at this juncture, should Plaintiff persist in frustrating Defendants' ability to acquire her employer's records related to her pay history, attendance, and/or leave, she will be sanctioned, up to and including the forfeiture of her claim for lost wages. *See* FED. R. CIV. P. 37(b)(2)(A)(ii).

(2) The Court **DENIES** Defendants' Motion for production of Plaintiff's tax returns, as the parties stipulated, in open Court, that Plaintiff will make no claim for lost wages or earning capacity related to Plaintiff's artistic pursuits, but will still be able to pursue claims of diminution of quality and enjoyment of life from the loss of artistic ability.

(3) The Court **DENIES** Defendants' Motion for production of Pizza Hut litigation documents as **MOOT**.

(4) The Court **DENIES** Defendants' Motion for production of chiropractic records from Dr. Joseph Kipp as **MOOT**.

(5) The Court **DENIES** Defendants' Motion for production of Plaintiff's artistic income and related financial records as **MOOT**.

(6) The Court **DENIES** Defendants' Motion for production of documents Plaintiff "has on her artist work or paintings" as **MOOT**.

(7) The Court **GRANTS IN PART** Defendants' Motion for production of the incident report mentioned by Plaintiff at her deposition. Plaintiff is **HEREBY ORDERED** to search her computer again, and if the report cannot be found, Plaintiff's counsel shall transmit a letter to defense counsel confirming the same.

**IT IS FURTHER ORDERED** that within ten (10) days from the issuance of this Order, the parties shall submit a proposed amended scheduling order to this Court. Within that proposal, the parties shall also include no less than **five** proposed dates for a new settlement conference in this case.

**IT IS FURTHER ORDERED** that the Court's Order Setting Settlement Conference [ECF No. 43] is hereby **VACATED.**

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE